This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JOE COULTER, as Personal**
**Representative of the  ESTATE**
**OF VIVIAN COULTER,**

     Plaintiff-Appellee,

v.                                                                 NO. 30,249

**LAUREL VIEW HEALTHCARE, LAUREL**
**HEALTHCARE, L.L.C., LAUREL**
**HEALTHCARE PROVIDERS L.L.C.,**
**MARION SCOTT ATHANS, ALAN ZAMPINI,**
**CHRISTOPHER E. TAPIA,**
**and AT HEALTH VENTURES L.L.C.,**

     Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Beatrice J. Brickhouse, District Judge**

Paul R. Cohen
Albuquerque, NM

Wilkes & McHugh, P.A.
Mary Ellen Spiece
Phoenix, AZ

for Appellee

Keleher & McLeod, P.A.
Mary Behm

Regina Y. Moss

Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**GARCIA, Judge.**

This case requires us to examine the substantive conscionability of an arbitration agreement that a nursing home requires patients to sign as a condition of admission to the home. Defendants Laurel View Healthcare, Laurel Healthcare, L.L.C., Laurel Healthcare Providers, L.L.C., Marion Scott Athans, Alan Zampini, Christopher E. Tapia, and AT Health Ventures L.L.C. (collectively, Defendants), appeal the district court's denial of their respective motions to dismiss and compel arbitration pursuant to the terms of an arbitration agreement (the Agreement) entered into with one of their residents, Vivian Coulter. The district court found the Agreement was substantively unconscionable under New Mexico law because it was unfairly one-sided in favor of Defendants. Defendants ask this Court to reverse the district court's decision and remand to the district court with instructions to dismiss the complaint and compel arbitration. We affirm the ruling of the district court in favor of Plaintiff.

**BACKGROUND**

This appeal arises from a personal injury lawsuit filed by Plaintiff, as personal representative of the wrongful death estate of his mother, Vivian Coulter. This Court recently addressed the issue regarding substantive unconscionability in another case involving Defendants and the language contained in their Agreement. *See Ruppelt v. Laurel Healthcare Providers LLC*, 2012-NMCA-__, ¶¶ 10-18, __ P.3d __, (No. 30,191, August 16, 2012). Oral argument in the two cases was held simultaneously. As a result of the *Ruppelt* decision and the parties' familiarity with the factual and procedural background in this case, we shall not provide further detail of the background at this time. We shall refer to any relevant background information as may be necessary with each issue discussed below.

**DISCUSSION**

**Standard of Review**

We review de novo a district court's order denying a motion to compel arbitration. *Felts v. CLK Mgm't, Inc.*, 2011-NMCA-062, ¶ 14, 149 N.M. 681, 254 P.3d 124, *cert. granted*, 150 N.M. 764, 266 P.2d 633 (2011); *Strausberg v. Laurel Healthcare Providers, LLC*, 2012-NMCA-006, ¶ 6, 269 P.3d 914, *cert. granted*, 2012-NMCERT-001, __ P.3d __ (No. 33,331, Jan. 6, 2012). The question of whether a contract provision is unconscionable is a matter of law that we also review de novo. *Strausberg*, 2012-NMCA-006, ¶ 6. The party attempting to compel arbitration carries the burden of demonstrating that the arbitration agreement is valid. *Id.* ¶ 1; *Corum v.*

3

*Roswell Senior Living, LLC*, 2010-NMCA-105, ¶ 3, 149 N.M. 287, 248 P.3d 329.

**Arbitrability**

In their reply brief, Defendants argue that the district court did not have authority to decide whether the Agreement was unconscionable because the terms of the Agreement delegated this decision to an arbitrator. Defendants cite to this Court's recent ruling in *Felts*, 2011-NMCA-062, ¶ 18, to argue that the parties agreed to have an arbitrator, rather than the district court, decide the threshold question of the Agreement's arbitrability. However, because Defendants only identified this issue for the first time in their reply brief, we are under no obligation to address the issue on appeal. *Albuquerque Bernalillo Cnty. Water Util. Auth. v. N.M. Pub. Reg. Comm'n*, 2010-NMSC-013, ¶ 59, 148 N.M. 21, 229 P.3d 494 ("It is well established that we will not address issues raised for the first time in the reply brief." (internal quotation marks and citation omitted)); *State v. Fairweather*, 116 N.M. 456, 463, 863 P.2d 1077, 1084 (1993) ("We will not address this issue because it is raised for the first time in the reply brief."). Where an argument is not developed in the district court and then raised for the first time in a reply brief, we are reluctant to review the matter on appeal, even for policy reasons. *Cf. In re Kira M.*, 118 N.M. 563, 570, 883 P.2d 149, 156 (1994). Because the application of the *Felts* decision to the factual circumstances in this case are unclear, we decline to speculate whether the district court's authority to address the issue of unconscionability was clearly erroneous. As a result, we

decline Defendants' request that we address the issue of arbitrability based upon public policy considerations.

**Substantive Unconscionability**

Defendants contend that the district court erred when it determined that the Agreement was substantively unconscionable. As was the case in *Ruppelt*, Defendants continue to assert that the Agreement's exemption provision is not unreasonably one-sided because it bilaterally allows either party to pursue claims regarding collections and discharge of residents in a judicial forum.

The district court relied on *Cordova v. World Finance Corp. of New Mexico*, 2009-NMSC-021, 146 N.M. 256, 208 P.3d 901, to determine that the Agreement was substantively unconscionable. In *Ruppelt*, this Court also relied upon our recent decision in *Figueroa v. THI of New Mexico at Casa Arena Blanca LLC*, 2012-NMCA-__, __ P.3d __, (No. 30,477, July 18, 2012), as well as our Supreme Court's recent decision in *Rivera v. American General Financial Servs., Inc.*, 2011-NMSC-033, ¶ 42, 150 N.M. 398, 259 P.3d 803 (addressing and clarifying the Supreme Court's decision in *Cordova*) to conclude that Defendants' Agreement was unfairly one-sided and substantively unconscionable. *Ruppelt*, 2012-NMCA-__, ¶¶ 10-18. We emphasized that "[w]hile no single, precise definition of substantive unconscionability can be articulated, substantive unconscionability broadly refers to whether the material terms of a contract are patently unfair and more beneficially one-sided in favor of the more

5

powerful party." *Id.* ¶ 18. Thus, we concluded that "although the exemption provision may facially appear to apply evenhandedly, its practical effect unreasonably favors [the d]efendants, and the provision's bilateral appearance is inaccurate." *Id.*

Defendants have not provided any evidence or argument regarding unconscionability that is substantially different than what was presented to this Court in the *Ruppelt* case. *See Ruppelt*, 2012-NMCA-__, ¶¶ 3-4, 10-18. At oral argument, Defendants also declined the suggestion that this Court consider remanding the matter for further factual development regarding the facial one-sidedness of the exempted claims. As a result, we conclude that Defendants are also satisfied with the common sense presumptions expressed in *Ruppelt* regarding the practical reality of the one-sided nature of the exemption provision for disputes involving collection issues and the discharge of residents. *Id.* ¶¶ 15-17. As in *Ruppelt* and *Figueroa*, the one-sided arbitration provision in this case is sufficiently unfair when analyzed from a substantive unconscionability perspective. *Ruppelt*, 2012-NMCA-__, ¶¶ 10-18; *Figueroa*, 2012-NMCA-__, ¶¶ 23-33. We hold that the district court did not err when it determined that the Agreement was substantively unconscionable.

**The Arbitration Savings Clause and Severability**

The oral argument in this case was combined with *Ruppelt*. At oral argument, Defendants asked this Court to apply the Agreement's "savings clause" uniformly in

6

both cases. Unlike *Ruppelt*, Defendants failed to raise the issue of whether the Agreement's savings clause should act to sever the offending unconscionable portion while preserving the remaining arbitration provision as enforceable against Plaintiff. *See Ruppelt*, 2012-NMCA-__, ¶¶ 19-21. Because this issue was not raised by Defendants and it was adequately addressed in *Ruppelt* and *Figueroa*, we need not address the matter further. *See Ruppelt*, 2012-NMCA-__, ¶¶ 19-21; *Figueroa*, 2012-NMCA-__, ¶¶ 36-41.

**CONCLUSION**

The arbitration provision in the Agreement is unenforceable. For the foregoing reasons, we affirm the decision of the district court.

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**


_____
**CYNTHIA A. FRY, Judge**